IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. STEVEN MURRAY

**Direct Appeal from the Criminal Court for Roane County**
**No. 11950     E. Eugene Eblen, Judge**

_____

**No. E2000-02878-CCA-R3-CD**
**June 28, 2002**

_____

In this case, the Defendant, Steven Murray, pled guilty to assault. The Criminal Court of Roane County sentenced Defendant to serve the agreed-upon 11 months and 29 days, suspended, on supervised probation, and ordered restitution in the amount of $10,622.75. In his sole issue on appeal, Defendant asserts that the trial court erred in the amount of restitution ordered and requests that the order of restitution be set aside and this case remanded for a new hearing. We have found a clerical error in the order setting forth the conditions of probation and remand for correction of that order. Otherwise, the judgment of the criminal court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Walter B. Johnson, III, Harriman, Tennessee, for the appellant, Steven Murray.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Originally charged in an indictment with aggravated assault of Ronald A. Reihl, II, Defendant was permitted to plead guilty to the lesser-included offense of assault pursuant to a negotiated plea agreement. As stated above, the agreed-upon sentence was 11 months and 29 days, with the trial court to determine the manner of service and the amount of restitution.

The only witness to testify at the sentencing hearing was the victim's mother, who testified that the amount of restitution for medical expenses totaled $10,622.75. To support the stated amount of restitution, medical bills for services rendered were introduced into evidence through her

testimony. No insurance coverage or other compensation from any third source was forthcoming. The victim was 17 years old at the time of the offense. During the sentencing hearing, Defendant also failed to present any proof concerning his financial resources or his ability to pay any amount of restitution. In fact, during closing arguments, Defendant's counsel made the following statement:

> Obviously [the victim is] entitled to the restitution as proven. I guess it's right. I don't know. I couldn't really tell what it all added up to. And I'm not sure – I guess the other person was the witness that could add it up. There's no real contest about that.
>
> And we would ask the Court to continue [Defendant] on his probation.

Immediately thereafter, the court ordered as follows:

THE COURT:          All right. I'm going to approve the restitution as shown [$10,622.75]. And place him with the ETHRA supervision. I realize he's got other obligations, but he's going to have to start paying on this. And if it does not pay out in that period of time, why [sic] I will have to extend him on that part –

[DEFENSE COUNSEL]:    I'd say he will have to be extended.

THE COURT:          – until he gets that paid.

[DEFENSE COUNSEL]:    Thank you, Your Honor.

The court then entered a judgment reflecting Defendant's conviction for assault and the sentence to be served. The court also ordered that restitution be made in the amount of $10,622.75 and, under the section entitled "special conditions" of the judgment, the order required the agency responsible for supervising Defendant's probation to establish a payment schedule.

On the same date that the judgment of conviction was entered, the trial court also entered a probation order which reflects that restitution was owed in the amount of $10,622.75. However, the record reveals that the paragraph pertaining to a schedule for payment of restitution has been marked through with a pen, indicating that it was inapplicable. The probation order should reflect the payment schedule set by the probation agency as required by the court's judgment of conviction.

Regarding an order of restitution by a trial court, Tennessee Code Annotated section 40-35-304 provides, in relevant part, as follows:

(a)      A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation.

\* \* \*

(c)      The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim and may permit payment or performance in installments.  The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense.

(d)      In determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform.

Tenn. Code Ann. § 40-35-403(a)-(d) (1997 & Supp. 2001).

It is apparent from the record that the trial court did not announce from the bench any conclusions drawn from a consideration of the financial resources and future ability of Defendant to pay restitution, and no proof was submitted by Defendant pertaining to this issue.  If no proof is presented at the sentencing hearing pertaining to a defendant's financial resources and /or ability to pay at the time of the sentencing hearing, then no facts exist to support a trial court's consideration of this factor.  Even though a defendant may be declared indigent and have appointed counsel, as in this case, without a submission of proof concerning the defendant's financial status at the sentencing hearing, the court's decision would have to be based upon mere speculation.  This does not leave a defendant, who does not have financial means to fully pay restitution previously ordered, without a remedy, however.  Tennessee Code Annotated section 40-35-304(f) allows a defendant to petition the sentencing court at any time "to adjust or otherwise waive payment or performance of any ordered restitution or any unpaid or unperformed portion thereof." Tenn. Code Ann. § 40-35-304(f) (1997 & Supp. 2001).

As previously observed, the probation order entered by the trial court does not provide for the schedule of payment of restitution.  The order should reflect this information so that the specific conditions of probation regarding restitution are clear to all involved.  Therefore, we remand this case to the trial court for the sole purpose of entering a modified and corrected probation order to fully reflect the schedule of payments of restitution.  Otherwise, based upon the entire record before this court, we see no error in that portion of the trial court's judgment requiring restitution in the amount of $10,622.75.  Accordingly, the trial court's order is affirmed as to the amount of restitution.

## CONCLUSION

For the foregoing reasons, the trial court's judgment ordering $10,622.75 in restitution is affirmed.  The matter is remanded for the sole purpose of entering a corrected and modified "probation order" reflecting the specific payment schedule for the restitution.

_____
THOMAS T. WOODALL, JUDGE